UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHEN T. MITCHELL and
Stephen T. Mitchell, P.C.,

                          Plaintiffs,

-against-                                          Complaint
                                                            And
MATRICIA MOORE,                          Jury Demand
CONSOLIDATED EDISON, and
THE NEW YORK STATE                      07 CV 11301
WORKERS' COMPENSATION BOARD

                          Defendants.

## THE PLAINTIFF

1. The plaintiff is an attorney who represented defendant Moore in an employment discrimination lawsuit.
2. He has not been paid for his services because Defendant Moore refuses to complete the settlement process that would enable her to pay the plaintiff from any settlement proceeds.

## THE DEFENDANTS

### Matricia Moore

3. Defendant Moore was the plaintiff in an employment discrimination action against Con Edison.
4. The district court ordered her case settled on September 19, 2007 and stated that the settlement was enforceable on that date. *See Exhibit "A"*.
5. Ms. Moore has refused to complete the settlement process ordered by the district court on September 19, 2007 and repeatedly has thwarted its enforcement for the past three months in an effort to extort a lower fee from her former attorney. Her misconduct is in direct contravention of the district court's orders of September 19, 2007.
6. Ms. Moore has thwarted the enforcement of the district court order by refusing to comply with the conditions necessary to complete the settlement. Ms. Moore refuses orally to confirm that she accepts the settlement before the Workers' Compensation Board notwithstanding the fact that she has signed the Section 32 agreement and had her Workers' Compensation attorney submit the document to the Workers Compensation Board for approval.

7. Ms. Moore deliberately is thwarting the district court's order of enforcement in order to extort a lower fee from her former attorney.
8. She deliberately is delaying the completion of the settlement process ordered by the district court in order to harm her former attorney financially as much as possible in an effort to extort him into accepting a lower fee.
9. The district court admonished Ms. Moore for using inappropriate stalling tactics in its order of September 19, 2007.
10. Plaintiff seeks an order directing that the settlement be confirmed by the Workers' Compensation Board immediately or that Ms. Moore be replaced immediately with a proxy pursuant to Federal Rule of Civil Procedure 70 because she deliberately has thwarted the enforcement of the district court settlement order of September 19, 2007 by refusing to confirm the settlement.
11. Should a proxy be appointed plaintiff seeks an order directing the proxy to do all that is necessary to complete any proceedings before the Workers Compensation Board immediately

Con Edison

12. Defendant Con Edison was the defendant in the aforesaid employment discrimination case.
13. Con Edison is a defendant in this case in order to compel them to accept a district court order that directs them to pay the monies due defendant Moore pursuant to the settlement agreement ordered to be enforced by the district court on September 19, 2007 immediately.
14. Con Edison also is a defendant because plaintiff seeks an order directing that they be directed to pay any amount of legal fees, disbursements, or expenses due the plaintiff directly and immediately to the plaintiff and not to defendant, Matricia Moore.
15. Con Edison also is a defendant because plaintiff seeks an order directing that Con Edison be directed to accept a proxy for Ms. Moore in her Workers Compensation proceeding should the court order a proxy be required to complete any proceedings before the Workers' Compensation Board on behalf of Ms. Moore.
16. Con Edison also is a defendant in order to compel them to inform the Workers Compensation officials and judges of the facts and circumstances of all legal proceedings that have taken place in federal court regarding any future Workers Compensation proceedings involving Ms. Moore.

The New York State Workers Compensation Board

17. Defendant Workers Compensation Board is a defendant in this case in order to compel them to eliminate the need for Ms. Moore to approve her acceptance of the Section 32 agreement she signed in September or October 2007.
18. Defendant Workers Compensation Board is a defendant in the case in order to compel them to endorse the Section 32 agreement Ms. Moore signed in September or October 2007 and close any proceedings before them involving Ms. Moore pursuant to the terms of the Section 32 agreement endorsed by Ms. Moore in September or October 2007.
19. Defendant Workers Compensation Board is a defendant in the case in order to compel them to be directed to accept a proxy for Ms. Moore in her Workers Compensation

    proceeding should the district court order that a proxy be required to complete any proceedings before the Workers' Compensation Board on behalf of Ms. Moore.
20. Plaintiff seeks an order directing the New York State Workers Compensation Board to dispense with the requirement that Ms. Moore accept her Section 32 agreement before their tribunal because Ms. Moore is using this the requirement to frustrate the enforcement of the district court's September 19, 2007 order.
21. In the alternative the plaintiff seeks an order that the New York State Workers Compensation Board be compelled to accept a proxy for Ms. Moore in the proceedings before them so that the settlement process can be completed immediately.

## CAUSE OF ACTION

22. This action has been brought for civil contempt and for declaratory relief, injunctive relief, and monetary damages in favor of Stephen T. Mitchell and Stephen T. Mitchell, P.C. pursuant to 28 U.S.C. §2201, 28 U.C.C. §2202 and the All Writs Act, 28 U.S.C. §1651.

## JURISDICTION

23. Jurisdiction over this action is conferred upon this Court pursuant to the Declaratory Judgment Statute, 28 U.S.C. § 2201, and 28 U.S.C. §2202, and the All Writs Act, 28 U.S.C. §1651.

## VENUE

24. Venue is appropriate in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the defendants reside and do business in this judicial district, a substantial part of the plaintiff's claims have emerged from this judicial district, and all of the defendants have sufficient contacts to be subject to personal jurisdiction in the district.

## FACTS

25. On September 19, 2007 the district court issued an order directing that a settlement of lawsuit between Ms. Moore and Con Edison was enforceable.  *See Exhibit "A"*.
26. Since that date Ms. Moore has refused to orally ratify the Workers' Compensation portion of the settlement before a Workers Compensation judge.
27. Her oral ratification is the last pre-condition required by Consolidated Edison before the settlement process is completed.
28. Several months ago Ms. Moore voluntarily signed all of the written settlement agreement contracts and furnished them to Con Edison.

29. Ms. Moore has appeared before a Workers Compensation Judge on at least two occasions, October 10, 2007 and December 5, 2007, and has refused to ratify the Workers' Compensation settlement agreement she signed on each occasion.
30. Each time she has refused to ratify the settlement agreement she signed she has thwarted the district court's order to enforce the full settlement of her case.
31. Her actions needlessly have delayed the settlement process ordered by the federal district court for three months.
32. Ms. Moore's refusal orally to ratify the Workers Compensation settlement agreement she signed is a deliberate effort to delay the resolution of the full settlement of the case as much as possible in order to extort her former attorney into accepting a fee lower than what he contracted for in his retainer.
33. Ms. Moore was admonished by the district court for using the same delay tactics before the district court in August and September 2007.
34. Ms. Moore has signed agreements settling the case in federal court and for Workers' Compensation.
35. In spite of the fact that she signed the agreements she refuses to ratify the Workers' Compensation agreement before a Workers' Compensation Judge in order to complete the settlement process in order to extort a lower fee from her attorney.
36. Her actions violate 28 U.S.C. §2202 and the All Writs Act, 28 U.S.C. §1651 because she deliberately has thwarted the enforcement of an order of settlement contrary to the district court's orders.
37. Con Edison is frustrating the federal court order by failing to inform the Workers Compensation Board of the facts and circumstances of Ms. Moore's prior misconduct. They are advantaging themselves by not acting in a manner consistent with enforcing the settlement.
38. Plaintiff seeks an order directing the New York State Workers Compensation Board to dispense with the requirement that Ms. Moore accept her Section 32 agreement before their tribunal because Ms. Moore is using this the requirement to frustrate the enforcement of the district court's September 19, 2007 order.
39. In the alternative the plaintiff seeks an order that the New York State Workers Compensation Board be compelled to accept a proxy for Ms. Moore in the proceedings before them so that the settlement process can be completed immediately.

RELIEF REQUESTED

1. DECLARE THE DEFENDANT MOORE'S CONDUCT TO BE IN VIOLATION OF THE STATUTES ALLEGED HEREIN; AND
2. AWARD THE PLAINTIFF COMPENSATORY AND PUNITIVE DAMAGES AGAINST MS. MOORE ONLY; AND
3. AWARD THE PLAINTIFF DECLARATORY AND INJUNCTIVE RELIEF FROM ALL DEFENDANTS SO THAT THE DISTRICT COURT'S ORDER OF SETTLEMENT OF SEPTEMBER 19, 2007 CAN BE ENFORCED AND PLAINTIFF CAN RECEIVE THE APPROPRIATE FEES, DISBURSEMENTS,

AND EXPENSES FOR HIS SERVICES FROM THE SETTLEMENT PROCEEDS; AND

4. DIRECT THAT DEFENDANT CON EDISON PAY PLAINTIFF IMMEDIATELY AND DIRECTLY FROM THE SETTLEMENT PROCEEDS DUE MS. MOORE; AND
5. DISPENSE WITH THE RQUIREMENT THAT MS. MOORE'S SECTION 32 AGREEMENT BE RATIFIED BY THE WORKERS COMPENSATION BOARD; OR
6. APPOINT A PROXY FOR MS. MOORE IN ORDER TO RATIFY THE WORKERS' COMPENSATION SETTLEMENT BEFORE A WORKERS' COMPENSATION JUDGE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 70; AND
7. AWARD THE PLAINTIFF ATTORNEYS FEES AND COSTS AGAINST MS. MOORE ONLY; AND
8. GRANT SUCH RELIEF AS THE COURT DEEMS JUST AND PROPER.

## JURY DEMAND

Plaintiff seeks a trial by jury for all triable issues of fact.

Dated: December 14, 2007

Stephen T. Mitchell, Esq.

By:_____
Stephen T. Mitchell
110 Wall Street 11th Floor
New York, NY 10005
212 587-1932

5