STEPHEN T. MITCHELL P.C.
ATTORNEY AT LAW
110 WALL STREET 11th Floor
NEW YORK, NEW YORK 10007
212 587-1932
fax 212 587-0650

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/27/07
```

**MEMO ENDORSED**

December 26, 2007
Re: *Mitchell v. Matricia Moore, Con Edison,
and the Workers Compensation Board*
CV 07-11301

The Honorable P. Kevin Castel
United States District Judge
United States District Court
500 Pearl Street
New York, NY 10007

*Plaintiff's motion to reconsider is granted. Upon reconsideration, I adhere to my prior ruling. SO ORDERED.*

/s/ Castel
USDJ
Part I
12-26-07

Dear Sir:

Please reconsider signing the subpoena. The reason why I have asked this court to sign it is because I intend to move for relief immediately. Judge Crotty declined to exercise ancillary jurisdiction but he did not decline to enforce his order of settlement. The new case does not seek to obtain jurisdiction for the fee dispute; it seeks to prevent the frustration of the district court's order of settlement immediately. Once the order of settlement is consummated then the state court can continue to resolve the fee dispute.

Federal Rule of Civil Procedure 71 and the All Writs Act provide federal subject matter jurisdiction for a third party who would benefit from a federal court order to intervene when there are efforts to frustrate a federal court order. *See Local 144, Hotel, etc. v. Sands, 1992 U.S. Dist. LEXIS 450 at **3-5 (S.D.N.Y. 1992).* Ms. Moore is attempting to thwart the settlement of this case in direct contravention of the district court's order of settlement. The transcript that I requested proves this point.

I seek the transcript to establish that Ms. Moore deliberately is violating and frustrating a court order of settlement. The transcript has nothing to do with the fee dispute. The aforementioned case demonstrates that there is federal jurisdiction for a case, such as this one, where there is an effort to frustrate an existing federal court order. Please reconsider and sign the subpoena. I have faxed you a copy of the aforementioned case for review.

Sincerely,

Stephen Mitchell

Enclosure

3 of 3 DOCUMENTS


Positive
As of: Dec 26, 2007

**LOCAL 144, HOTEL, HOSPITAL, NURSING HOME AND ALLIED SERVICES UNION, SEIU, AFL-CIO, Plaintiff, - against - JOHN SANDS, Plaintiff-Intervenor, - against - C.N.H. MANAGEMENT ASSOCIATES, INC., MARVIN NEIMAN, individually and as sole proprietor of CONCOURSE NURSING HOME, Defendants.**

87 Civ. 2778 (RWS)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

*1992 U.S. Dist. LEXIS 450*

January 17, 1992, Decided
January 21, 1992, Filed

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** An arbitrator, who conducted the arbitration between plaintiff union and defendants, a management company and the sole proprietor of a nursing home, filed a motion to intervene pursuant to *Fed. R. Civ. P. 71* or the All Writs Act, *28 U.S.C.S. § 1651(a)*. The arbitrator sought intervention for the purpose of being paid for his services and to receive attorney fees related to the present proceeding.

**OVERVIEW:** The union had paid the arbitrator, but the management company and sole proprietor had not, despite being sent notices and letters by the arbitrator. The court granted the motion to intervene. The court held that both *Fed. R. Civ. P. 71* and the All Writs Act, *28 U.S.C.S. § 1651(a)* entitled the arbitrator to seek to compel payment via the court. The referral to the arbitrator had been made an order of the court and implicit in an order of reference to an arbitrator was that the parties would pay the arbitration fees. The court also held that the arbitrator was entitled to his attorney fees. The court found that the only reason the management company and the sole proprietor would have for not paying the arbitrator was to punish him for deciding against them. Thus, the court concluded that the withholding of the payment was done without color and for reasons of harassment and delay.

**OUTCOME:** The court held that the arbitrator was entitled to intervene in the action to compel payment of the arbitration fees. The court also granted the arbitrator's request for attorney fees.

**LexisNexis(R) Headnotes**

*Civil Procedure > Judgments > Entry of Judgments > General Overview*
*Civil Procedure > Judgments > Entry of Judgments > Nonparties*
[HN1] *Fed. R. Civ. P. 71* provides that when an order is made in favor of a person who is not a party to the action, that person may enforce obedience to the order by the same process as if a party.

*Civil Procedure > Remedies > Writs > All Writs Act*
*Governments > Courts > Authority to Adjudicate*
[HN2] The All Writs Act, *28 U.S.C.S. § 1651* provides that all federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions, thus conferring upon a court a power extending beyond the particular parties to an action to those who are in a position to frustrate the implementation of a court order or the proper administration of justice.

1992 U.S. Dist. LEXIS 450, *

*Civil Procedure > Remedies > Costs & Attorney Fees > General Overview*

*Labor & Employment Law > Discrimination > Harassment > Racial Harassment > Employment Practices > Compensation*

[HN3] Under the American Rule, each party to a lawsuit normally pays their own fees, regardless of the outcome. There are exceptions to this rule though, including situations where a court determines that the unsuccessful party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. In the United States Court of Appeals for the Second Circuit, fees cannot be awarded under this exception unless there is clear evidence that the losing party's claims were entirely without color and made for reasons of harassment or delay or for other improper purposes.

**COUNSEL:** [*1] APPEARANCES:

Attorney for Plaintiff-Intervenor, DAVID RAFF, ESQ., 49-51 Chambers Street - Suite 220, New York, New York 10007.

Attorney for Defendant Marvin Neiman, MARVIN NEIMAN, P.C., 39 Broadway - 25th Floor, New York, New York 10006, By: THEODORE T. MAIRANZ, ESQ., Of Counsel, WEINBERG KALEY & PERGAMENT, P.C., 585 Stewart Avenue, Garden City, New York 11530, Of Counsel.

**JUDGES:** SWEET

**OPINION BY:** ROBERT W. SWEET

**OPINION**

*OPINION*

Sweet, D. J.

In what hopefully is the coda to this case's torture score, Arbitrator John Sands ("Sands") seeks to intervene and compel C.N.H. Management Associates, Inc. ("CNH"), and Marvin Neiman ("Neiman") to pay his past due arbitration fees and any attorney fees related to this proceeding.

In a Stipulation and Order dated October 20, 1989, Local 144, CNH, and Neiman all agreed to submit the disputes remaining between them to Sands after this Court's opinion of May 23, 1989, *see 713 F. Supp. 680.* The Stipulation was signed by the attorneys for Local 144, CNH, and Neiman. In fact, at that time Neiman was represented by two sets of counsel, Lord Day & Lord, Barrett Smith and Gold & Wachtel, both of which signed the Stipulation on Neiman's behalf. The arbitration [*2] was conducted, and Sands submitted an Opinion and Award on February 1, 1990.

Sands billed the parties $ 4,000 for his services on February 2, 1990. The bill plainly stated that "accounts more than thirty days past due will accrue interest at the rate of one percent per month or twelve percent per year." Local 144 timely paid its one-half share.[1] To date, neither CNH nor Neiman has paid the balance.[2]

> 1   The Collective Bargaining Agreement between Local 144 and CNH required the parties to share the fees.
>
> 2   Neiman and CNH also owe Sands a carry-over balance of $ 1,028. *See* Arbitrator's Bill, Feb. 2, 1990.

A payment reminder was sent to CNH on May 2, 1990, to which no response was received. Sands also wrote Neiman directly on October 23, 1990, to request his payment after learning that Neiman's previous counsel had been replaced. On January 7, 1991, Sands first wrote this Court seeking assistance in collecting the fee. A courtesy copy of this letter was sent to Neiman. Furthermore, Sands alleges that at a conference [*3] in January 1991, counsel for Neiman represented to this Court that the fee already was, or soon would be, paid. Neiman has not disputed this allegation.

Sands now seeks to intervene under Rule 24(b) or *Rule 71 of the Federal Rules of Civil Procedure* or the All Writs Act, *28 U.S.C. § 1651(a)*. Neiman opposes the motion in general; CNH has filed no opposition.

[HN1] *Rule 71* provides that "when an order is made in favor of a person who is not a party to the action, that person may enforce obedience to the order by the same process as if a party." The referral to Sands was made by an order of this Court stipulated to by all of the parties, including Neiman. Although Sands is not a party to the present action, implicit in any order of reference to an arbitrator is that the parties will pay the arbitrator's fees. Sands is therefore entitled to seek to compel obedience by CNH and Neiman to this Court's previous order.

Moreover, this Court has the power to compel the payment of Sands's fees under [HN2] the All Writs Act, *28 U.S.C. § 1651*. The Act provides that "all [federal] courts . . . may issue all writs necessary or appropriate in aid of their respective jurisdictions"; thus conferring upon a court [*4] a power extending beyond the particular parties to an action to those who are in a position to "frustrate the implementation of a court order or the proper administration of justice," *United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).*

Denying Sands the opportunity to intervene in this action would frustrate this Court's original order referring the matter to him for arbitration and undermine the entire tradition in favor of arbitration. It is axiomatic that there is a strong policy in favor of private settlement, especially in the labor context. *See, e.g., United Paperworkers International Union v. Misco, Inc., 484 U.S. 29, 37 (1987).* Not allowing an arbitrator to seek enforcement of arbitration fees in the very court that ordered the reference would unnecessarily damage a vital cog in the wheels of justice. This Court therefore has the power to compel the present parties to pay the arbitrator's fees. *Cf. Raff v. Maggio, 734 F. Supp. 592, 594 (E.D.N.Y. 1990)* (section 301 of Labor Management Relations Act confers jurisdiction upon federal courts to ensure arbitrator is paid for services rendered); *Western Employers Insurance Co. v. Merit Insurance Co., 492 F. Supp. 53, 54 (N.D. Ill. 1979)* [*5] ("whenever a federal court properly orders or directs that arbitration be commenced, it out of necessity retains authority to enforce related arbitration procedures such as subpoenas duces tecum").

Neiman objects to imposing liability upon him for Sands's fees on the ground that CNH alone was responsible for the fees, not Neiman. This contention is without merit. Not one, but two different sets of counsel signed the Stipulation on Neiman's behalf ordering the arbitration before Sands. CNH and Neiman therefore are jointly and severally liable for their share of Sands's expenses, or $ 3,028 plus 1% interest per month calculated from February 2, 1990.

Sands also is entitled to recover his legal fees incurred in the present proceeding. [HN3] Under the American Rule, each party to a lawsuit normally pays their own fees, regardless of the outcome. *Sierra Club v. United States Army Corps of Engineers, 776 F.2d 383, 390 (2d Cir. 1985), cert. denied, 475 U.S. 1004 (1986).* There are exceptions to this rule though, including situations where a court "determines that the unsuccessful party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" [*6] *Id.* (quoting *Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 258-59 (1975).* In the Second Circuit, fees cannot be awarded under this exception unless there is "clear evidence that the losing party's claims were 'entirely without color and made for reasons of harassment or delay or for other improper purposes.'" *Id.* (quoting *Browning Debenture Holders' Committee v. DASA Corp., 560 F.2d 1078, 1088 (2d Cir. 1977).*

Neiman's conduct here satisfies both prongs of this test. Numerous notices were sent from Sands to CNH and Neiman requesting payment. The only possible reason they could have had for not paying the fees was to punish Sands for deciding against them.[3] Moreover, it is not disputed that it was represented to this Court a year ago that the arbitrator's fees had been or were about to be paid. Thus the only conclusion that can be made is that the continued withholding of Sands's fees was done without color and for reasons of harassment or delay. *Accord Raff v. Maggio, 743 F. Supp. 147, 152 (E.D.N.Y. 1990).* Granting attorney's fees incurred by Sands in pursuing this proceeding is thus justified. [*7]

> 3   This point is driven home by the terms of the settlement suggested by Neiman by which Sands would have agreed to never again serve as an arbitrator in a case in which Neiman was involved.

Even though Sands has not filed papers with the Court documenting these fees, it appears from the other papers submitted that approximately $ 7,500 will be sought. The Court takes notice, though, of the fact that the lead case cited by Sands was one in which his present attorney was the name party under like circumstances. Furthermore, $ 7,500 in attorney's fees for the collection of a $ 3,000 debt seems excessive. An award of $ 1,000 for attorney's fees is more reasonable and thus is hereby granted. However, if the parties desire a hearing on this matter, one will be held upon notice to the Court.

For the reasons set forth above, Sands is entitled to intervene in this action to seek the payment of arbitration fees. CNH and Neiman are jointly and severally for $ 3,028 plus 1% interest per month calculated from February 2, 1990, [*8] for Sands's arbitration fees, and for $ 1,000 in attorney's fees incurred in bringing this proceeding. Judgment is to be submitted upon notice.

It is so ordered.

New York, N. Y.

January 17, 1992

ROBERT W. SWEET

U.S.D.J.