```
┌─────────────────────────────┐
│  SDS SDNY                   │
│  DOCUMENT                   │
│  ELECTRONICALLY FILED       │
│  DOC #: _____   │
│  DATE FILED: JAN 0 7 2008   │
└─────────────────────────────┘
```

**STEPHEN T. MITCHELL, P.C.**
ATTORNEY AT LAW
110 WALL STREET 11th Floor
NEW YORK, NEW YORK 10005
Phone 212 587-1932
Fax 212 587-0650

*January 7, 2008*

*[handwritten annotation:] At today's proceeding the defendants and Ms Moore as well as the Workers Comp. Bd. are authorized to move to dismiss 07 Civ 1130? The Court also indicated that if denied Mr Mitchell's notion to intervene (See pg 2 *) On further reflection, Mr Mitchell is authorized to make whatever arguments he wishes in his response papers due on January 29, 2008 The Court notes that it does will see how a person can intervene in an action which has been concluded; and there would be no need for Mr Mitchell to intervene in 07 Civ 11301 The Court will await the Mitchell's briefing on these issues on January 29, 2008 So ordered Paul Crotty USDJ*

December 31, 2007

Re: Moore v. Con Edison
07civ 11301 | 00 Civ. 7384 (PAC)

The Honorable Paul Crotty
United States District Court
500 Pearl Street
New York, NY 10007

Dear Sir:

This letter is to inform the court that Ms. Moore continues deliberately to undermine the district court's order of settlement for this case that was issued on July 24, 2007. I write to request an immediate order of enforcement of the terms of the settlement agreed to on July 24, 2007 without a conference and without requiring Ms. Moore to meet any further conditions in order for Con Edison to make the settlement monies available for distribution in accordance with the decision of the state court judge. The state court has placed a lien upon the settlement proceeds to the extent that Ms. Moore cannot be paid any monies until the fee dispute is resolved. The order I request will allow the state court to proceed with its determination of the attorney's fees I am entitled to for representing Ms. Moore forthwith. In the alternative I request an immediate conference regarding this matter.

Shortly after the hearing that took place before you on September 5, 2007 Ms. Moore voluntarily signed and submitted to Con Edison's attorneys signed settlement agreements regarding the federal case and her Workers' Compensation case. I also have signed the settlement papers. Ms. Moore agreed to appear in the Workers Compensation court to complete the ratification process for the Workers Compensation agreement after she signed the settlement papers. She was supposed to complete the process on two separate occasions. There were no other impediments to the resolution of the matters before the Workers Compensation court. After the lien was placed upon the settlement proceeds Ms. Moore reverted to the same type of misconduct admonished by you in your September 19, 2007 order. Each time Ms. Moore appeared before the Workers Compensation court she refused to complete the process. She has made false claims before the Workers' Compensation court and actively tried to thwart your settlement orders.

**MEMO ENDORSED**

**MEMO ENDORSED**

On December 5, 2007 Ms. Moore falsely claimed that she was under duress to complete the Workers Compensation Section 32 agreement. *See Exhibit "A"*. Ms. Moore never had made a claim of duress before the federal court, the state court, or the Workers Compensation court. Her claim of duress centered upon her objections to your orders of September 5, 2007 and September 19, 2007 and my efforts to collect my fee in state court. Neither of Ms. Moore's claims constitute duress in any jurisdiction. Further, this court already had decided that Ms. Moore voluntarily entered into a valid settlement agreement.

On or about September 20, 2007 I sued Ms. Moore in New York State Supreme Court for my attorney's fees. Ms. Moore and her attorney, Ambrose Wotorson, appeared at hearing before the state court judge shortly after I initiated the lawsuit. Ms. Moore and Mr. Wotorson told the state court judge, Con Edison's attorneys, and myself that Ms. Moore would attend a Workers Compensation hearing on October 10, 2007 to complete the settlement process so that the state court judge could rule on the fee dispute. Ms. Moore did not complete the process on that date and adjourned the hearing. She claimed that she did not complete the process on that date because she was distraught over the fact that I was present at the Workers Compensation hearing.

I moved for an order to show cause for the state court to hold Ms. Moore in contempt and a hearing on this matter was held in mid-November 2007. Again, Ms. Moore and Mr. Wotorson stated to the state court judge, Con Edison's attorneys, and myself that Ms. Moore would attend a Workers Compensation hearing, this time on December 5, 2007 to complete the settlement process so that the state court judge could rule on the fee dispute. The state court judge set a hearing date for the fee dispute for December 7, 2007 in anticipation of Ms. Moore completing the Workers Compensation process. The Workers Compensation attorneys for Con Edison were summoned for a second time to appear before the Workers Compensation judge with the anticipation that Ms. Moore would resolve her case on December 5, 2007.

Ms. Moore falsely claimed that she was under duress at the December 5, 2007 Workers Compensation hearing and declined to complete the process. She did not inform the Workers Compensation court that the issue of her voluntary agreement to settle was resolved by the federal court in September 2007. Instead she claimed that the principle reasons for her duress were her objections to the federal court order determining the validity of her settlement and her objection to my suing her for attorney's fees. Neither one of these concerns constitute duress.

Ms. Moore's intent is to try to subvert the district court's order by visiting different court's and saying whatever is needed to undermine the federal court order. Ms. Moore elected not to challenge the district court's September 2007 orders in the United States Court of Appeals for the Second Circuit. Instead, she unilaterally is attempting to thwart the district court's order by refusing to adhere to the district court's findings and direction. Her purpose is either to undo the settlement and re-litigate the federal case or extort me into taking a lower fee instead of allowing the state court judge to make a fee

determination. Ms. Moore's continued misconduct has held up both the Workers' Compensation court and the state court.

Exhibit "A" is a clear manifestation of her intent to thwart the district court's orders. Ms. Moore's attorney claims to have undone the federal settlement without a federal court order supporting his claim, without a federal appeals court order supporting his claim, and without moving before either court for the relief he claims to have obtained for his client. Ms. Moore waived any review of the September 19, 2007 order by failing to timely file a notice of appeal. She now is trying to use the Workers Compensation process as a de facto appeal of the district court's order. Further, the disapproval of the settlement agreement by Workers Compensation was predicated completely upon the misconduct of Ms. Moore. She falsely claimed that she was under duress when she was not and she deliberately withheld from the Workers Compensation court the fact that the federal district court had ruled, after a hearing, that she voluntarily agreed to settle all of her claims against Con Edison.

I write to inform this court that I will file motions pursuant to Federal Rules of Civil Procedure 70 and 71 to intervene in this case and obtain an order from the district court enforcing the settlement without Ms. Moore having to do anything further. This court has the power to remove the Workers Compensation proceedings to federal court for resolution. This court also has the power to enjoin Ms. Moore from any further misconduct that undermines the enforcement of the court's settlement orders. This court should act forthwith and I hope the court acts forthwith on the basis of this letter.

Ms. Moore's misconduct has continued for several months beyond this court's admonitions of her inappropriate behavior. The reason for her continued misconduct is to enrich herself beyond what she agreed to settle for either by undoing the settlement or extorting a lower fee from me. Only the federal court is empowered to stop her and this court must otherwise Ms. Moore's abuse of the state and federal court systems and the litigants involved in this case will continue.

Sincerely,

Stephen T. Mitchell

cc:    Matricia Moore
       Lawrence Sandak, Esq.