UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHEN T. MITCHELL and
STEPHEN T. MITCHELL, P.C.,

                          Plaintiffs,

          -against-

MATRICIA MOORE,
CONSOLIDATED EDISON, and
NEW YORK STATE WORKERS' COMPENSATION
BOARD,

                          Defendants.

07-CV-11301 (PAC)

AFFIRMATION
IN SUPPORT
OF MOTION
TO DISMISS

STEVEN SEGALL, an attorney duly admitted to practice in the courts of New York and in this Court, affirms under penalty of perjury:

1. I am an Assistant Attorney General in the office of Andrew M. Cuomo, Attorney General of the State of New York, attorney for defendant Workers' Compensation Board ("Board").

2. This affirmation is submitted in support of defendant's motion to dismiss the complaint pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

3. This affirmation is made upon information and belief based upon the Board's records.

4. The Board was not a party to the prior employment discrimination civil action in this Court, alleged in paragraph 1 of the complaint herein, and has no knowledge of the specific terms of the alleged settlement of that action.

5. Proposed settlements of workers' compensation claims are

governed by section 32 of the New York Workers' Compensation Law ("WCL"), which provides that a settlement agreement is not binding unless it is approved by the Board, and that parties to the agreement have a ten-day period after submission of the agreement to request that the Board disapprove the agreement.

6. In a decision filed on December 11, 2007, a Workers' Compensation Law Judge disapproved Ms. Moore's proposed WCL § 32 agreement because she testified under oath that she was placed under duress to accept it. (Exhibit A annexed hereto, with redactions required by WCL § 110-a.)

7. Attorney fees in workers' compensation matters are governed by WCL § 24, which provides that fee claims for legal services to a workers' compensation claimant in connection with any workers' compensation claim "shall not be enforceable unless approved by the board." WCL § 24 further provides that "[a]ny other person, firm or corporation who shall exact or receive fee or gratuity for any services rendered on behalf of a claimant except in an amount determined by the board, shall be guilty of a misdemeanor."

8. Plaintiff never represented defendant Moore in the administrative proceedings before the Board, and never submitted a fee application to the Board.

For the reasons set forth in the accompanying memorandum of law, defendant Board respectfully requests judgment dismissing the complaint in its entirety with respect to the Board.

```
Dated:    New York, New York
          January 14, 2008
```

                                    _____
                                    S/ Steven Segall
                                    Office of the Attorney General
                                         of New York
                                    Attorney for Defendant
                                    New York State Workers'
                                    Compensation Board
                                    120 Broadway, 26th Floor
                                    New York, New York 10271
                                    (212) 416-6138



Zachary S. Weiss
Chair

STATE OF NEW YORK
WORKERS' COMPENSATION BOARD
PO BOX 5205
BINGHAMTON, NY 13902-5205
*www.wcb.state.ny.us*

(800) 877-1373

## State of New York - Workers' Compensation Board

## In regard to ████████████, WCB Case #0987 1028

## NOTICE OF DISAPPROVAL - SECTION 32 AGREEMENT
*keep for your records*

At the Workers' Compensation hearing held on 12/05/2007 involving the claim of ████████████ Judge Theresa Merrill DISAPPROVED the Section 32 agreement for the following reasons:

DECISION:   Based upon the testimony of the Claimant here today, This Section 32 agreement is disapproved as improper as a matter of law since the Claimant has testified under oath that she was placed under duress in order to accept this Section 32 agreement. Case Closed.  No further action is planned by the Board at this time.

| | | |
|---|---|---|
| Claimant - | ████████ | |
| Social Security No. - | | |
| WCB Case No. - | 0987 1028 | |
| Date of Accident - | 01/01/1998 | |
| District Office - | NYC | |

| | |
|---|---|
| Employer - | Con Edison |
| Carrier - | Consolidated Edison Co of NY |
| Carrier ID No. - | W373005 |
| Carrier Case No. - | 98001252 |
| Date of Filing of this Decision - 12/11/2007 | |

ATENCION:

Puede llamar a la oficina de la Junta de Compensacion Obrera, en su area correspondiente, cuyo numero de telefono aparece al principio de la pagina y pida informacion acerca de su reclamacion(caso).

EC-32.3 (4/98)
FILE COPY

Page 1 of 1

Copies To:
Claimant:
Carrier:
Employer:
Other:



Consolidated Edison Co of NY
Con Edison
Ranieri & Newman
Jacquine Mc Mickens
Sedgwick Claims Management
MedRecovery Managment

Please see below for Recipients.

Con Edison
4 Irving Place
NEW YORK, NY  10003

Ranieri & Newman
Attorneys At Law
11 Park Place, Suite 810
New York, NY  10007

Jacquine Mc Mickens
26 Court Street
Brooklyn, NY

Sedgwick Claims Management
Services, Inc.
P. O. Box 92889
Rochester, NY  14692

MedRecovery Managment
255 Great Arrow Ave
Buffalo, NY  14207-3024

EC-32.3 (4/98)
FILE COPY

**OVER**