```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| STEPHEN T. MITCHELL and<br>STEPHEN T. MITCHELL, P.C.,<br><br>                              Plaintiffs,<br><br>        -against-<br><br>MATRICIA MOORE,<br>CONSOLIDATED EDISON, and<br>NEW YORK STATE WORKERS' COMPENSATION<br>BOARD,<br><br>                              Defendants. | 07-CV-11301 (PAC) |

```
              MEMORANDUM OF LAW IN SUPPORT OF
                    MOTION TO DISMISS
```

```
                              Steven Segall
                              Office of the Attorney General
                              of the State of New York
                              Attorney for Defendant
                              New York State Workers'
                              Compensation Board
                              120 Broadway, 26th Floor
                              New York, New York 10271
                              (212) 416-6138
```

TABLE OF CONTENTS

PRELIMINARY STATEMENT.........................................1

STATUTORY FRAMEWORK...........................................3

POINT I     THE COURT LACKS SUBJECT MATTER JURISDICTION
            OF MS. MOORE'S WORKERS' COMPENSATION CLAIMS.......5

POINT II    THE COMPLAINT FAILS TO STATE A CLAIM AGAINST
            THE BOARD UPON WHICH RELIEF MAY BE GRANTED........8

POINT III   UNDER THE BURFORD ABSTENTION DOCTRINE, THE
            COURT SHOULD DECLINE TO EXERCISE INJUNCTIVE
            POWERS AGAINST THE BOARD WHICH WOULD INTERFERE
            WITH THE BOARD'S DISCHARGE OF ITS ADMINISTRATIVE
            ADJUDICATION DUTIES UNDER THE NEW YORK WORKERS'
            COMPENSATION LAW.................................10

CONCLUSION..................................................13

**Preliminary Statement**

Defendant Matricia Moore was employed by defendant Consolidated Edison Company. She claimed workers' compensation for injuries in the course of that employment. She also made a claim against Consolidated Edison for discrimination pursuant to section 120 of the New York Workers' Compensation Law ("WCL").

The complaint alleges that Ms. Moore also had a civil action in this Court, and that plaintiff Stephen Mitchell represented her in that civil action. Plaintiff never represented Ms. Moore in the administrative proceedings before the defendant New York Workers' Compensation Board ("Board").

The complaint further alleges that the civil action was settled. The Board has no knowledge of the specific terms of that settlement, beyond what is alleged in the complaint.

A proposed settlement agreement for Ms. Moore's workers' compensation claims was submitted to the Board pursuant to WCL § 32. In a decision filed on December 11, 2007 (Exhibit A annexed to Segall affirmation), a Workers' Compensation Law Judge ("WCLJ") disapproved the section 32 agreement "as improper as a matter of law since the Claimant has testified under oath that she was placed under duress in order to accept this Section 32 agreement."

To date, neither the claimant (defendant Moore) nor the employer (defendant Consolidated Edison) has appealed the December 11, 2007 WCLJ decision to a Board Panel, as either party may do,

pursuant to WCL §§ 23 and 32, nor has either party made any other request to the Board for further action concerning the proposed section 32 settlement.  Because plaintiffs herein are not parties in interest in the workers' compensation proceedings, they have no standing to do so under WCL §§ 23 and 32.

**Statutory Framework**

28 U.S.C. § 1445(c) provides:

> A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.

WCL § 23 provides, in pertinent part:

> An award or decision of the Board shall be final and conclusive upon all questions within its jurisdiction, as against the state fund or between the parties, unless reversed or modified on appeal therefrom as hereinafter provided.  Any party may within thirty days after notice of the filing of an award or decision of a referee, file with the board an application in writing for a modification or rescission or review of such award or decision, as provided in this chapter. . . . Within thirty days after notice of the decision of the board upon such application has been served upon the parties, . . . an appeal may be taken therefrom to the appellate division of the supreme court, third department, by any party in interest. . . .

WCL § 24 provides, in pertinent part:

> Claims of attorneys and counselors-at-law for legal services in connection with any claim arising under this chapter . . . shall not be enforceable unless approved by the board. . . . Any other person, firm or corporation who shall exact or receive fee or gratuity for any services rendered on behalf of a claimant except in an amount determined by the board, shall be guilty of a misdemeanor.

WCL § 32 provides, in pertinent part:

> No agreement or release except as otherwise provided in this chapter by an employee to waive his right to compensation under this chapter shall be valid.

> (a) Whenever a claim has been filed, the claimant or the deceased claimant's dependents and the employer . . . may enter into an agreement settling upon and determining the compensation and other benefits due to the claimant or his or her dependents.  The agreement shall not bind the parties to it, unless it is approved by the board.  Such agreements, when so approved, notwithstanding any other provisions, shall be final and conclusive upon the claimant, the claimant's dependents [and] the employer. . . .
>
> (b) The agreement shall be approved by the board in a decision duly filed and served unless:
>     (1) the board finds the proposed agreement unfair, unconscionable, or improper as a matter of law;
>     (2) the board finds that the proposed agreement is the result of an intentional misrepresentation of material fact; or,
>     (3) within ten days of submitting the agreement one of the interested parties requests that the board disapprove the agreement.
>
> (C) A decision duly filed and served approving an agreement submitted to the board shall not be subject to review pursuant to section twenty-three of this article. However, a decision duly filed and served disapproving an agreement submitted to the board is subject to review pursuant to section twenty-three of this article. If the board disapproves of an agreement it shall duly file and serve a notice of decision setting aside the proposed agreement.

WCL § 33 provides, in pertinent part:

> Compensation or benefits due under this chapter shall not be assigned, released or commuted except as provided by this chapter, and shall be exempt from all claims of creditors . . . which exemption may not be waived. . . .

4

**ARGUMENT**

POINT I

THE COURT LACKS SUBJECT MATTER JURISDICTION OF
MS. MOORE'S WORKERS' COMPENSATION CLAIMS.

Plaintiff has not alleged a valid basis for the exercise of federal court jurisdiction. Plaintiff's reliance (Complaint ¶23) upon the All Writs Act, 28 U.S.C. § 1651, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, as bases of federal subject matter jurisdiction, is misplaced. The All Writs Act and the Declaratory Judgment Act are in the nature of remedies, not independent bases of federal jurisdiction. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (1950) (Declaratory Judgment Act); Correspondent Services Corp. v. First Equities Corp., 442 F.3d 767, 769 (2d Cir. 2006), cert. denied sub nom. Waggoner v. Suisse Security Bank and Trust, Ltd., 127 S.Ct. 1329 (2007) (Declaratory Judgment Act); United States v. Tablie, 166 F.3d 505, 506 (2d Cir. 1999) (All Writs Act).

As this Court recently stated in Valentine Properties Assoc. v. United States Dep't of Housing and Urban Dev., 2007 U.S. Dist. LEXIS 80319, at 19-20 (SDNY Oct. 12, 2007):

> When it passed the Declaratory Judgment Act, "Congress enlarged the range of remedies available in the federal courtsbut did not extend their jurisdiction." Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). The Declaratory Judgment Act does not provide an independent cause of action or confer subject matter jurisdiction where it does not already

>exist.  See In re Joint Eastern and Southern Dist. Asbestos Litigation, 14 F.3d 726, 731 (2d Cir. 1993).  The Declaratory Judgment Act thus cannot provide subject matter jurisdiction here.

There is no basis for federal subject matter jurisdiction of plaintiff's complaint with respect to the Board, because it does not arise under the United States Constitution, statutes or treaties, 28 U.S.C. § 1331, but concerns only section 32 of the New York Workers' Compensation Law.  In addition, there is no diversity of citizenship between plaintiffs and defendant Board.  28 U.S.C. § 1332.

Insofar as plaintiffs here in effect seek review and reversal of the WCLJ decision disapproving the WCL § 32 agreement, the District Court lacks subject matter jurisdiction to do so.  WCL § 32(c) expressly provides that "a decision duly filed and served disapproving an agreement submitted to the board is subject to review pursuant to section twenty-three of this article."  WCL § 23 provides for administrative review of a WCLJ decision by a panel of the Board's Commissioners, and judicial review of the Board Panel decision by the New York Supreme Court, Appellate Division, Third Department, which has exclusive jurisdiction to hear such appeals.  The procedure for administrative and judicial review specified in WCL § 23 is the exclusive procedure for review of Board decisions.  Bock v. Cooperman, 89 A.D.2d 539 (1st Dep't 1982), aff'd 59 N.Y.2d 776 (1983).

6

The rationale for the legislative grant of exclusive jurisdiction over workers' compensation claims to the Board, the New York Supreme Court, Appellate Division, Third Department, and the New York Court of Appeals, is "to create a court with a specific expertise to deal with the complexity of the appeals that are generated in this area." Empire Ins. Co. v. State Insurance Fund, 201 A.D.2d 425 (1st Dep't 1994).

While plaintiff's complaint does not take the form of a removal motion, an application to a United States District Court to order the Board to take a specific action on specific workers' compensation claims would have much the same effect, transferring the decision-making authority from the Board to the District Court. Thus, it is informative that 28 U.S.C. § 1445(c) provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."  The Second Circuit commented in Baldracchi v. Pratt & Whitney Aircraft Div., 814 F.2d 102, 107 (2d Cir. 1987), that "section 1445(c) reveals a congressional intent not to interfere with state protection of workers' compensation rights."  The Court should, therefore, dismiss the action with respect to the Board based on lack of subject matter jurisdiction over Ms. Moore's workers' compensation claims.

**POINT II**

THE COMPLAINT FAILS TO STATE A CLAIM AGAINST
THE BOARD UPON WHICH RELIEF MAY BE GRANTED.

There is no justiciable case or controversy before the District Court involving the Board. While the specific terms of the alleged settlement agreement in Ms. Moore's prior civil action against Consolidated Edison in this Court are unknown to the Board, a September 19, 2007 decision of the Court indicated that it could not have required or contemplated any approval or other action by the Board. In <u>Moore</u> v. <u>Consolidated Edison Co., et al</u>., 2007 U.S.Dist. LEXIS 69196 (S.D.N.Y. Sept 19, 2007), District Judge Crotty noted in the procedural background, in pertinent part:

> When Mr. Mitchell said that the settlement would be subject to approval by a New York State Workers' Compensation Administrative Law Judge, which could be obtained in several days or weeks, the Court rejected that proposal. .

Even if the Board had approved the proposed WCL § 32 agreement, the Board could not have ordered that Mr. Mitchell receive any fee from the proceeds of that agreement because Mr. Mitchell did not represent Ms. Moore in the administrative proceedings before the Board and did not apply to the Board for approval of an attorney fee pursuant to WCL § 24.  WCL § 24 provides, in pertinent part:

> Claims of attorneys and counselors-at-law for legal services in connection with any claim arising under this chapter . . . shall not be enforceable unless approved by the board. . . Any other  person, firm or corporation who

> shall exact or receive fee or gratuity for any services rendered on behalf of a claimant except in an amount determined by the board, shall be guilty of a misdemeanor.

WCL § 33 further provides, in pertinent part, that "[c]ompensation or benefits due under this chapter shall not be assigned, released or commuted except as provided by this chapter, and shall be exempt from all claims of creditors and from levy, execution and attachment or other remedy for recovery or collection of a debt, which exemption may not be waived. . ." The Board and the workers' compensation claims filed by Ms. Moore, therefore, have nothing to do with any attorney fee claim the plaintiffs may have for any legal work outside the workers' compensation administrative proceedings.

Insofar as the complaint seeks appointment of a proxy to act in place of Ms. Moore in the workers' compensation proceedings concerning the WCL § 32 agreement (and assuming <u>arguendo</u> that the proxy would have any standing before the Board), it is moot, because the hearing on the WCL § 32 agreement was already held, and the WCLJ made a decision disapproving it (Exhibit A annexed to Segall Affirmation). To date, neither of the parties before the Board (Ms. Moore or Consolidated Edison) has appealed that decision or applied to the Board for any other further action concerning the section 32 agreement, and plaintiffs have no standing to do so because they are not parties before the Board.

## POINT III

> UNDER THE <u>BURFORD</u> ABSTENTION DOCTRINE, THE COURT SHOULD DECLINE TO EXERCISE INJUNCTIVE POWERS AGAINST THE BOARD WHICH WOULD INTERFERE WITH THE BOARD'S DISCHARGE OF ITS ADMINISTRATIVE ADJUDICATION DUTIES UNDER THE NEW YORK WORKERS' COMPENSATION LAW.

Plaintiff seeks an order "directing the New York Workers' Compensation Board to dispense with the requirement that Ms. Moore accept her section 32 agreement before their tribunal," or in the alternative that the "Board be compelled to accept a proxy for Ms. Moore in the proceedings before them" (Complaint ¶¶ 20, 21). However, absent full compliance with the terms of WCL § 32, an agreement to settle or compromise a New York workers' compensation claim is void. WCL §§ 32, 33. Moreover, such an order would directly interfere with the Board's administrative adjudication duties and authority.

The District Court should decline to so direct the Board, under the <u>Burford</u> abstention doctrine. <u>Burford</u> v. <u>Sun Oil Co.</u>, 319 U.S. 315 (1943); <u>Gyadu</u> v. <u>Workers' Compensation Comm'n</u>, 1999 U.S. App. LEXIS 7766 (2d Cir. 1999). In <u>Burford</u>, 319 U.S. at 333-34 (citations omitted), the Supreme Court held:

> The State provides a unified method for the formation of policy and determination of cases by the Commission and by the state courts. The judicial review of the [defendant Texas Railroad] Commission's decisions in the state courts is expeditious and adequate. Conflicts in the interpretation of state law, dangerous to the success of state policies, are almost certain to result from the intervention of the

>lower federal courts. On the other hand, if the state procedure is followed from the Commission to the State Supreme Court, ultimate review of the federal questions is fully preserved here. . . Under such circumstances, a sound respect for the independence of state action requires the federal equity court to stay its hand.

In Law Enforcement Ins. Co. v. Corcoran, 807 F.2d 38, at 43 (2d Cir. 1986), the Second Circuit further explained:

>Burford, supra, was an attack by an oil company in federal district court on a decision of the Texas Railroad Commission granting a drilling permit to a competitor. The Supreme Court held that the case was one for abstention because: (1) the order under attack was part of a unified regulatory scheme on a complex subject matter of special state interest, a scheme in which the state administrative agency and the state courts cooperated closely to safeguard the values of uniformity, expertise and due process; (2) the state had expressed its interest in unified decisionmaking by creating a system on the state level to avoid multiple inconsistent adjudications, a system that would be disrupted by the exercise of jurisdiction by the federal courts; and (3) the issues sought to be adjudicated in federal court were largely ones of state law.

The rationale of the Supreme Court in Burford and the Second Circuit in Corcoran applies with equal force to the injunctive orders against the Board that the plaintiff here seeks. Indeed, workers' compensation is a matter of such special state interest that the state constitution makes specific provision for it. New York Constitution, Art. I, § 18. Applying the Corcoran analysis, (1) the New York Workers' Compensation Law establishes "a unified

regulatory scheme on a complex matter of special state interest," and the WCLJ decision disapproving the proposed workers' compensation settlement was made pursuant to WCL § 32; (2) in the exclusive administrative and judicial review procedures of WCL § 23, "the state [has] expressed its interest in unified decisionmaking by creating a system on the state level to avoid multiple inconsistent adjudications" as well as to promote expertise in the specific designated state forum; and (3) "the issues sought to be adjudicated in federal court [are] largely ones of state law," focusing on WCL § 32.  Law Enforcement Ins. Co. v. Corcoran, 807 F.2d at 43.

WCL § 32 provides a comprehensive statutory and regulatory scheme by which workers' compensation claims may be settled by all parties in interest, subject to Board oversight, review and approval.  The issues raised here concerning the Board involve matters of state law, particularly WCL § 32.  Where a proposed WCL section 32 agreement is the product of a claimant being placed under duress, as defendant Moore testified before the WCLJ, the agreement was properly disapproved as "improper as a matter of law," as required by WCL § 32(b)(1).  See Exhibit A annexed to Segall Affirmation.

Therefore, even assuming arguendo that the District Court had jurisdiction to intervene in the New York workers' compensation proceedings, the Court should decline to exercise its injunctive

powers against the Board under the <u>Burford</u> abstention doctrine.

## **CONCLUSION**

FOR ALL OF THE ABOVE REASONS, THE ACTION SHOULD BE DISMISSED WITH RESPECT TO THE DEFENDANT NEW YORK WORKERS' COMPENSATION BOARD.

                                                                    _____
S/ Steven Segall
Office of the Attorney General
    of New York
Attorney for Defendant
New York State Workers' Compensation Board
120 Broadway, 26th Floor
New York, New York 10271
(212) 416-6138