STEPHEN T. MITCHELL P.C.
ATTORNEY AT LAW
110 WALL STREET 11th Floor
NEW YORK, NEW YORK 10007
212 587-1932
fax 212 587-0650

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/26/07
```

**MEMO ENDORSED**

December 26, 2007
Re: *Mitchell v. Matricia Moore, Con Edison,
and the Workers Compensation Board*
*CV 07-11301*

The Honorable P. Kevin Castel
United States District Judge
United States District Court
500 Pearl Street
New York, NY 10007

Dear Sir:

I write to request that you endorse a "So Ordered" subpoena for the aforementioned matter. Both Con Edison and Ms. Moore are thwarting the enforcement of the settlement agreement ordered by the district court to be enforced on September 19, 2007.

I represented Ms. Moore in her lawsuit against Con Edison for five years. I prepared the case for trial, completed all pre-trial submissions and almost all of the discovery. I also took a request for injunctive relief before the United States Court of Appeals on her behalf. On July 24, 2007 Ms. Moore instructed me to settle all of her claims in federal court against Con Edison. Ms. Moore was aware that any settlement made in federal court had to encompass additional claims that she had before the Workers Compensation Board. I settled all of Ms. Moore's claims on July 24, 2007 after extensive negotiations with defense counsel that lasted for almost two months. The settlement discussions I was involved with included discussions regarding Ms. Moore's Workers Compensation claims. In fact, the day before I settled Ms. Moore's Workers Compensation claims Ms. Moore was present in federal court to discuss and ratify the final agreements for both her federal and Workers Compensation claims in direct negotiations with defense counsel.

Shortly after the case was settled I discussed with Ms. Moore the amount of my fee. I had a retainer agreement with her that called for me to be paid one third of the settlement amount as my fee. Ms. Moore told me that she would not sign the settlement papers and disrupt the settlement process unless I agreed to reduce my fee from one third to one fifth. I declined and Ms. Moore terminated my services.

MICROFILMED
DEC 27 2007 -3:00 PM

Returned to chambers for scanning on 1/22/08.
Scanned by chambers on _____.

Ms. Moore then refused to sign the settlement papers, refused to communicate with me, and refused to accept mail, electronic or from the post office, that contained the settlement agreements. Motion practice ensued and Ms. Moore claimed that I did not have the authority to settle her case on her behalf. She sought to re-open the case for the purposes of continuing settlement negotiations. Judge Crotty declined to re-open the case on September 19, 2007. He found that I had the authority to settle Ms. Moore's case and he ordered that the settlement agreement entered into on July 24, 2007 was enforceable. *See Moore v. Con Edison, 2007 U.S. Dist. LEXIS 69196 (S.D.N.Y. 2007).*

I asked Judge Crotty to accept ancillary jurisdiction over the fee dispute for the case. He declined. He said that scarce federal court resources should not be spent resolving the fee dispute for this case and he directed me to resolve the dispute with Ms. Moore or go to state court. *Id. at \*\*12-13.* He refused to place a lien on the settlement proceeds.

Ms. Moore signed the settlement agreements for the federal case and the Workers Compensation case shortly after Judge Crotty's ruling. I initiated a state court action on or about September 20, 2007 and the state court judge placed an attorney's charging lien on the file preventing Ms. Moore from receiving any payments for the settlement. I also moved for an order to show cause in state court for an order directing that I be paid immediately.

The last pre-condition necessary before Con Edison would pay out the settlement was for Ms. Moore orally to accept the Workers Compensation settlement before the Workers Compensation judge. The state court judge told the parties that he would not rule upon the fees until the allocution before the Workers Compensation Board took place. Ms. Moore and her attorney told the parties she would allocute on October 10, 2007. She appeared before a Workers Compensation judge and declined to allocute on that date. Instead, she adjourned her next appearance before the Workers Compensation Board without a date.

I moved to hold her in contempt in state court and during a mid-November conference Ms. Moore again agreed to allocute before the Workers Compensation judge. She and her attorney told the parties she would allocute on December 5, 2007. Ms. Moore refused to allocute on that date and claimed that she would not allocute because she objected to Judge Crotty's order of September 19, 2007 and my lawsuit for attorney's fees.

Ms. Moore refuses to complete the settlement in an effort to delay or deny me my attorney's fees. She is refusing to complete the settlement process in order to extort me into agreeing to a significantly lower fee; a fee far less than what I contracted with her for. I write to you to request that you "So Order" the attached subpoena.

I have been in communication with the Workers Compensation Board regarding the transcripts of the December 5, 2007 proceedings in their court. I seek a copy of those proceedings in order to bring an immediate contempt motion against Ms. Moore because

she deliberately is thwarting the enforcement of the September 19, 2007 settlement order for an improper purpose.

I also seek to bring motions before the district court pursuant to rules 70 and 71 of the Federal Rules of Civil Procedure. Both Ms. Moore and Con Edison are refusing to enforce the district court's order. Con Edison is refusing to enforce the order because its enforcement means that they have to pay the settlement. Ms. Moore does not want to pay her attorney's fees. I intend to move for an order directing the immediate enforcement of the district court's September 19, 2007 order of settlement so that I can be paid. The failure to enforce the order has resulted in an unnecessary four month delay that severely has harmed me and my family for no legally justifiable reason. No one appealed Judge Crotty's order to the circuit court.

The Workers Compensation Board insists upon a "So Ordered" subpoena before they will release the transcripts. They have prepared the transcripts and the copies are waiting for me at their offices in Brooklyn. Please sign the subpoena as soon as possible so that I can obtain the transcripts to complete the contempt motion and move pursuant to Federal Rules of Civil Procedure 70 and 71 for enforcement of the court's order of September 19, 2007.

Sincerely,

Stephen T. Mitchell

By Mr. Mitchell's own description, Judge Crotty declined to exercise ancillary jurisdiction over the fee dispute with his client, Ms. Moore. See Order of September 19, 2007 in 00 Civ. 7384. Mr. Mitchell has now commenced a new action invoking as a basis for subject matter jurisdiction the Declaratory Judgment Act and the All Writs Act. No diversity of jurisdiction is alleged and no federal question is alleged. Because I have serious doubts as to this Court's subject matter jurisdiction, I decline to sign the subpoena. Mr. Mitchell is directed to file a memorandum with Judge Crotty on or before January 9, 2008 demonstrating the existence of subject matter jurisdiction. If no satisfactory showing of jurisdiction is made, the action will be dismissed. SO ORDERED.

/s/ Crotty, USDJ, Part I
12-26-07

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

Southern DISTRICT OF New York

Stephen Mitchell
V.
Patricia Moore, Con Edison
And the Workers Compensation
Board

**SUBPOENA IN A CIVIL CASE**

07 CV 11301

Case Number:[1]

TO: THE Workers
Compensation Board
111 Livingston Street, Brooklyn, NY

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Transcripts of the Workers Compensation Proceeding before Judge Thersa Merrill that Took place on December 5, 2007 in Staten Island.
WCB CASE: 00448852

| PLACE Office of Stephen T. Mitchell 60 Wall Street 11th floor NY NY 10005 | DATE AND TIME 12/26/07 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  |  |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

| | PROOF OF SERVICE | |
|---|---|---|
| | DATE | PLACE |
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).